Mr. Messonnier. You may proceed, sir. Good morning. Thank you, Your Honor. May it please the court. This case involves four motions filed with the trial court. First motion sought new counsel. Second motion sought to represent himself. Third motion again went back and referred to the previous motion saying I've asked for new counsel before please give me new counsel. Fourth motion again asked for new counsel. None of these motions were brought to the trial court's attention. None of these motions received either by notice or by Mr. Bilauski himself mentioning to the trial court before the trial started that he wanted new counsel that he wanted to represent himself. There's no complaint here that trial counsel had an obligation to bring these to the trial court's attention. No complaint that there's something missing in the record that should have been included on the direct appeal file. The claim is based on this very minimal record made in the trial court that appellate counsel should have recognized that there is a viable FREDA issue that required reversal and that if appellate counsel had raised that issue that it would have led to the Missouri Court of Appeals reversing. The Missouri Court of Appeals looked at this record and said no we would not have reversed on this record. We find that the last two motions filed by Mr. Bilauski waived his request to represent himself. And basically the question is is that basically we've got three different things going on here that are circling around each other. One is the standard under FREDA. One is the standard under Smith v. Robbins as to which refers back to Strickland as to what constitutes an effective assistance of appellate counsel. And one is 2250 Ford's and Williams from Williams all the way recently through Burt versus Titlow just a couple months ago as to what that standard review means for the state court and for this court looking at both what the district court did and what the state court did. And the bottom line is as in many cases that come through for the state court yes there are things in the record that you can argue both ways but that's not enough for federal habeas relief that you can argue the record both ways. It has to be clear that the state court is unreasonably determined the facts are unreasonably applied established law established by the US Supreme Court. The US Supreme Court has said is that when we haven't addressed an issue directly that gives the state court some freedom as to try to figure out what the rules are going to be basically in those gaps. We've done the general standard they have some discretion in applying that general standard. And here when you look to the ultimate standard which is FREDA FREDA involved something the next step beyond what we have in this case. FREDA and all the post-FREDA cases all begin with you've had not just the request to represent yourself you've had the hearing and the question rather than FREDA or a case like Iowa versus Tovar or the Houdina's case or the Edwards case is on that record made of that hearing is it clear enough this person wants to represent themselves that you have to let them represent themselves. This is the step before FREDA. This is a question of what must the defendant do to bring to the trial court's attention that he wants to represent himself. Well let me put it this way bluntly where did the district court go wrong then? District court went wrong in that it went wrong in assume in disregarding the state's court finding that this wasn't a substantial issue that the state court believed that with this not being an issue resolved by the US Supreme Court looking at the way Missouri courts have addressed these types of issues that the Missouri court would find this was the last two motions waived any pending requests to represent himself. And the district court failed to give proper deference to the ability of the state court to make that finding that basically there wasn't really an issue here that would have succeeded in Missouri on appeal. Do you think Missouri Court of Appeals was reasonable when they found that the failure to raise the FREDA issue by appellate counsel was trial strategy in light of the fact that counsel couldn't remember the decision-making process? I think there's a presumption that it's trial strategy and I think when the enough to overcome that presumption but even if you put aside whether or not it was quote trial strategy or not you still have presumption of that it was a competent decision even if counsel doesn't remember it and in this case you're talking five years after the appeal you're talking basically a phone deposition in which post conviction counsel has counsel's notes with post conviction counsel as a phone deposition so those aren't in front of appellate counsel and appellate counsel is trying to without her notes in front of her to refresh her memory trying to recall what she did what may have gone through her mind. Presumption remains that whatever was going through her mind she was competent and it's up to Mr. Berlowski to prove that she was not competent. And even if it I think this court as previously said even if the state courts reached the right result for the wrong reason that's still not a basis for granting habeas relief because you think they gave the wrong reason you have to consider if they reached a reasonably right result and I think in this case it was a reasonably correct result. I think as you as you go through Ms. Caleb's deposition testimony I think the one that's clear through Ms. Caleb's deposition testimony is one she does not really recall what she was doing five years before she's been in Illinois several years and has only a vague memory of the specifics of Missouri case law and she's basically being led by both on direct and cross examination by whatever you say is in the records in the records I'm trusting both sides to be accurately in telling me what's in the record if the records what post conviction counsel says is maybe I missed something if it's what the state says it is maybe that's the reason I did not proceed with this client. But what happens let's see let's assume that we Next, the trial court said go back to a direct appeal. We already know how the court of appeals is going to rule the direct appeal they've already told you how they're ruling the direct appeal. I think basically it's a performer relief that I think it's clear that and that's why I think part of the reason why the well Mr. Schreiner will tell us what will happen but go on. That's the remedy the trial court gave and I think it's clear I think there's some hit the my district was a little more hinting I think than the district court was as to what he thought should happen the direct appeal I think the direct appeal judge said I think it's substantial enough to have an appeal I think the Missouri Court of Appeals however explained why they didn't think it was substantial enough and I think that's part of the problem about dealing with what the about appellate counsel which is appellate counsel's not quite the same as trial counsel's not quite the same as the trial. In a trial it's normally one additional piece of evidence what would this witness have added to the overall record and let make the overall record vague and unclear as to what the result of trial would be. On an appeal it's either a meritorious issue or it's not a court of appeals said based on the way that we're reading the direct appeal record and we're the ones who would have had to read the direct appeal record we don't think this is a meritorious issue on the appeal and the reason they don't think it's a meritorious issue is you have these two additional motions filed by Mr. Berlowski saying basically you haven't ruled my previous motions I really want a new counsel you ever and please now grant me my new counsel but even those motions didn't call up and bring to the court's attention at any point in time the only motion that you see here in the legal file that was actually ruled on pretrial by the trial court is the one that trial counsel noticed up for hearing which is the motion for blood testing beyond that everything else is all the pro se motions aren't noticed up there's no ruling on those motions and the question here is is there clear authority as to what the proper procedure is to bring these motions to the trial court's attention and the normal rule especially I think you're looking at st. Louis say this was like case 4,000 of the year in city of st. Louis their reality is they have a lot of cases things get filed the clerk's office and they're not noticed by the trial judge especially the initial docket assignment judge because they just have that many files in front of them it's here's today's case anything we need to do today no set you over a month and we'll give you a trial date in a month then it shows up in front of the final judge who's assigned to it no nobody says judge we've got five motions that we still have hearings on in this case there's things we still need to resolve and judge if it's not brought to the attention that there's something that needs to be ruled on they proceed that everyone's ready for trial and when you showed up the morning of trial mr. Bluff gain saying judge I really want a different attorney or judge I really want to go represent myself it's everything's fine judge ready to go and under those circumstances looking at the record you had on direct appeal Missouri Court of Appeals that reasonably concluded they would have turned down that appeal and that's the bottom line of the case no further questions reserve the remainder for rebuttal very well thank you this may please the court counsel I think this case is actually about one motion sir is it pronounced Shriner Shriner it is and we know that you were appointed under the criminal justice act that's correct and we want you to know we deeply appreciate your willingness to accept the assignment thank you judge very much you might want to raise the lectern you are a tall person it might it's okay to the max judge this case is actually about one motion not four motions the one motion is that mr. Blavsky unequivocally unequivocally and clearly asserted his for at a Sixth Amendment right to represent him when was made in see I can tell you date well I mean early on or late during the procedure was made about seven months after the case is filed judge well why would you isolate it like that you know can it become subsequently equivocal seven weeks later judge I'm sorry judge okay so why isolate it why are why do we necessarily have to look at the one can't his request become equivocal when he subsequently asks for appointment of counsel well judge I think you have to look at all four of the motions and say look none of these were ruled upon by the trial judge and I you know if there's some systematic issue with the city of st. Louis in the way they address motions I'm not aware of any requirement at least in the case law I've looked at on cases where a client or where a pro se person or a represent person is brought up for at a motion where they've had to notice the motion up I'm not aware of now it would be one thing if mr. Blaski I believe you found some other motions other motions for appointment of counsel and for Fred I like discovery motions I can understand I mean I think the rule of law in that Missouri as well if you represent by counsel and you're trying to file a motion for discovery or motion to dismiss in that situation yeah the court doesn't have to look at it but I don't know how motion you file when did he first advise the trial court that I want to proceed pro se I represent myself about seven weeks into his charge and he said that an open court to the trial no he didn't judge he just filed paper motions and then at what point in any of these proceedings did anyone lawyer or client make such a request in the presence of the trial judge from reading the record there's nothing on the record that had happened judge orally now there is in the post-conviction record that mr. Blaski did testify in his post-conviction case that he did raise that issue and the judge off the record the judge says I'm not giving you you know a new lawyer I'm not letting you go by yourself or proceed pro se but that's but there's nothing in the record that is correct I think there's a judge back to your question there's a case out I versus more where the Fifth Circuit did find an unreasonable application of Feretta and Strickland in the case where a defendant had filed a motion with the court or letter actually asking for a number of different alternative types of relief and one was to proceed on his own to represent himself and in that case the court did find that the state court had unreasonably applied the law and the facts in that case and that's cited in my brief reply brief the other issue I think that's important to talk about is the effect of ineffectiveness of the appellate counsel a couple things that the state hasn't mentioned one is what argument did appellate counsel raise on direct appeal and she raised one issue that issue was that the trial court aired by explaining to the jury during deer what the meaning of the meaning of that's right neither were just escape my mind jury nullification so for what reason that was raised I don't know the trial counsel didn't object to that to the to the trial judges basically it's kind of an inoffensive I mean it's just kind of a remark someone a juror asked what's jury nullification and the judge said well this is what jury nullification is and how there was any prejudice to you know the defendant in that case is you know it's pretty much an untenable argument on appeal I mean there was really no fact you know basis legal basis even raise that argument okay when you you have to raise something that she failed to raise that could have been successful right that's correct judge if you light of the Missouri Court of Appeals saying you know we wouldn't give relief on this anyway how where do you get prejudice and then you know how is that determination unreasonable well I think it's unreasonable in this one thing and it's something that the state had raised in a brief is one argument well it was just plain error that the appellate counsel didn't raise the fret issue well plainer review doesn't apply in a fret issue because it's a structural defect so so it's a stronger when you compare the two issues it's a stronger issue that's one reason why I had a much stronger issue she even included in the record on appeal to the Court of Appeals copies of some of mr. Blaski's motions pro se motions but never mentioned anything about the fact that you know that he had asked to go pro se at one point in time I think that would been a much you know a much stronger issue I think that issue actually because it's a structural defect and no one ever even addressed it I think it's unreasonable for the court to say well that's trial or that's appellate strategy when you know you you know counsel brings this kind of untenable argument about jury nullification what's your response to the question I presented proposed or opposed to your opponent what will happen if we affirm what's going to be the next step in state court well next step would be that mr. Blaski would have his direct appeal re reinstituted that he would be able to file a notice of and how would he raise that and he would raise it as that my counsel should have argued yes judge he would raise this for edit issue and what record would the court have before it well the record would be everything from the legal file from my trial court do you anticipate being another evidentiary hearing before a trial court no no I unless the court of appeals grants and relief I don't see I know that was created in the trial court the fact that you know to be honest I mean there is no you know motion for new trial includes that issue so he'll be raised again it plain error doesn't apply in that situation it'll be a structural error argument no his argument on direct appeal judge will be that I was denied my six-minute right to self-representation under Faretta because he's going it's going to be a direct appeal rather than anything going back to to make a decision for the court appeals aside how is the district how is the appellate court going to decide that on what record again what they already have yes judge the trial court record that's correct well isn't that marching the troops up and down the same hill I think you're doing with different I mean you've had one quarter he say look you know this this should have been unreasonably applied for a they've never had a chance direct appeal given the standards of review the drug the direct appeal courts never had an opportunity at that issue by itself they've only reviewed whether it was an effective assistance to counsel giving the deference to counsel saying it's strategic you know I'm not finding efficient performance are you taking the position that is assumed that he made the proper motion for a Faretta case yes I would assume that yes judge I would assume he asserted his right unequivocally and excuse me judge there would be no issue of waiver before the appellate court I would argue that there's not I would say he filed there are competing motions however but the fact is he he asserted his right and I think that you know to say hey it's you know the courts processing or whatever nobody ever presented this to the district to the trial court except that except in motion paper motions so he did actually file motion a motion and any action the record in other words yes it is judge yeah and actually the motion that he filed asserting this Faretta right there's a Missouri statute which sets out what the requirements are what you have to raise in a Faretta motion and mr. Blaski it's a form motion mr. Blaski filled that out signed it was notarized so it follows that I mean you know he says yes I realize what you know I'm confident you know my age you know I understand what the you know the branches of punishment are in this case you know I know I have the right to counsel back to marching up the same hill hasn't the Missouri Court of Appeals already said that he didn't file an explicit unequivocal request to waive counsel well again judge the court of appeals the ruling with the court repeals was on on the ineffective assistance of counsel claim which again it would be a different standard of review because once it goes up direct appeal at this time if you affirm district courts opinion then you're dealing with structural error at that point you're not dealing with whether the council is ineffective but you agree his request has to be unequivocal don't you I agree I agree that judge and I've already said the request wasn't unequivocal so I don't see how you get into structural error I think the Missouri Court of Appeals has already disagreed with you in the context of ineffective assistance of counsel what's the difference well you have different standards to review an effective assistance counsel you have the Strickland standard cause and prejudice and then when you go back up on direct review you're going to have a structural error argument not if he didn't make a clear and unequivocal request I think he did make it clear but you not only that you have to show that the Missouri Court of Appeal at least to us that that was an unreasonable determination of a fact I think whether or not their decision that the direct appeal counsel was ineffective no that that your client didn't make a clear and unequivocal request to represent well that's the second prong of the argument would be the first prong what should it should have counsel it wasn't a reasonable for Missouri Court of Appeals to find that counsel was not deficient for failing to file I'm sorry filed a brief on appeal the FREDA issue that's that's the first issue the second one is and the second one is did mr. exactly did mr. Blaski suffer prejudice from that right and the court has said there was trial strategy which I think is an unreasonable that's what we have habeas relief for and you know I think that was an unreasonable application of law and the facts in the case okay but how about the prejudice problem I think the same trial for motions three of which requested new counsel two of which were after the request for to represent himself how can it be unreasonable for the Missouri Court of Appeals to say he didn't clearly and unequivocally seek to represent himself because the right to represent yourselves a fundamental right that I mean if people just file motions and no judge never looks at them just because they're pro se at what point I mean that just kind of does away with the right completely I mean I was a mr. you know obviously Court of Appeals would know was mr. Blaski's mind but the trial court could have found out I don't see what with you know if some motion like that was filed in the district court and you know in the federal district court would we have a motion yeah the judge would call it up right away and find out what's you know what's on defense counsel's you know what's on the defendants mind and whether I'm give you a new attorney or let you go on your own I mean that's I think that's at the end of the day I think that's the important thing to remember is we're talking about his constitutional right to assert you know it's right to represent himself and somebody needed to find that out and that didn't happen and I think the Court of Appeals when they reviewed this I think that or the Missouri Court of Appeals I clearly to me it's not trial strategy I mean any any I think it's unreasonable to say I'm gonna pick this jury nullification issue over over a for edit issue that's in the you know I think in the record real quick let's see I had the other thing too when the state was arguing I maybe I missed it in the appellate briefer for my research but I'm not aware of a case in Missouri that that's factually on point to mr. blouse he's situation at least as far as Fred applies as far as calling up motions or not calling up motions or getting isn't it a little bit like Phillips versus state judge you know I that when you're after remind me about because I don't well my understanding in that case there was a letter asking to waive and then a subsequent motion for new counsel and they said no clear and unequivocal request to represent yourself there was something about that case that that's distinguishable that Phillips I I can't that might have been was that I'm pro that might have been a post-conviction case actually that is where we are those although in those cases though they did they did not have to hold a hearing in that case Phillips dicta judge because the court the appellate court found that the post-conviction court was precluded from examining the defendants for a claim because it was not brought on appeal so that's distinguishable sorry I didn't have it right when you said it right it right at my fingertips there a couple other things to real quick you know the district court has already said going back to your our discussion about what once the court of appeals going to do I mean the district courts are found that there's a substantial issue here of not not of Faretta I mean not not so much that counsel was ineffective I mean they did find that obviously anyway I see my time's done I would just ask that the conditional habeas relief to mr. Woloski and I think one thing to point out that this report was very if I could say judicious and giving this a conditional grant allowing obviously recognizing the state courts comedy and allowing them to make a final decision whether or not mr. Fred or mr. Blaski's for a constitutional rights were violated thank you I think the argument a shows how important the framing of this issue is and the way that the Missouri Court of Appeals framed it well it's not the way mr. Shrine or mr. Blaski wants that frame is not an unreasonable way to frame it looking at all four motions together they're simple as that this isn't federal court as to what the district court would have done on a claim raised in a district court is not necessarily what the state courts have to do that's the essence of what 2254 currently says that states do have discretion do things slightly different even if there's an ultimate federal constitutional claim then the federal courts do until the u.s. Supreme Court resolves that issue the u.s. Supreme Court has never addressed the issue of the what's required before you get to the hearing no one's here arguing that there couldn't be a case out there where it's clear that the trial court was denying against tons upon tons of requests that there's a point in which the defendants done enough but this case is defendant doing the minimum one motion deposited with the clerk three conflicting motions also filed the clerk and as of the way that you if you look through the record of the one motion that's heard is the one motion that called up for hearing never telling either of the judges nothing the record from the direct appeal showing to you the judges while mr. Blaski testified in the post-conviction hearing that yet did occur off the record the motion court who was the trial court's own finding says no it didn't occur off the record he never mentioned it to me and that's the situation we've got the trial court had no without digging through the file to see this buried somewhere in the file this was in the file trial court had no way of knowing that you had these conflicting motions pending no one asked the trial court to roll it which would be the issue on appeal it's not written up aired in line in the right to represent himself because you never had the threat of hearing to reach that stage it's did the trial court air in not giving not calling up the motion on its own which is why we refer to this plane air because I think mr. Schreiner and I think the master judge also the same problem which is there are two different parts of plane air review in Missouri which is one is this preserved for appeal if it's not preserved for appeal the first question is is this something the trial court was required to do on its own correct this problem on its own without it being brought to its attention and the question and that's not a question that's been resolved by the federal court does the trial court have the obligation to seeing this somewhere the conflicting motions in the file to call up to be heard very court of appeals that are reading the case law is no it doesn't and because the trial court doesn't have the obligation to search the record see what may be pending especially in light of these two competing motions apparently waiving the request to go pro se and asking to have a new counsel pointed that the trial court didn't have to clarify those motions that we think there was a waiver here and therefore we do not think this is a meritorious issue on appeal the state courts address the issue of prejudice found no prejudice because the finding of no prejudice is actually lesser standard of then what would require and direct appeal basically we're talking a spinning your appeal to have the majority court of appeals to say again there's no merit to this appeal the question is is this an unreasonable determination there's no merit to the appeal because this issue has not been addressed by the US Supreme Court that's not an unreasonable application of federal law habeas rich should be quashed and habeas rich should be denied in this case should be reversed the case is submitted and we will take it under consideration